FreemaN, J.,
delivered the opinion, of the court:
This is a motion in the circuit court for an order of sale of land, levied on by an execution from a justice of the peace of Davidson county.
The only question to be decided is, does the record show the existence of a judgment and execution legally issued, and a levy, so as to authorize the order of sale sought by the motion.
The facts are, substantially, that a judgment was rendered in'September, 1865, by one Southgate, then a justice of the peace for the first civil district of Davidson county, in favor of plaintiff against the defendant, for the sum of $150. In 1866, the docket of the said justice was destroyed by fire, and soon after this he died. The execution is regular on its face, but it is objected that it has not been properly supplied, together with the other papers, under the provisions of the Code, sec. 3070a, which is as follows: “That when the docket book and original papers belonging to the office of a justice of the peace in any county in this state have been, or may hereafter, be destroyed by fire, or in any other way, and said justice shall make oath to that effect, then in that case, it shall be lawful for such justice, or his successor in office (upon the plaintiff, his agent, attorney, or returning officer, filing with said justice or his successor in office, an affidavit setting forth the name of the plaintiff or plaintiffs, defendant or defendants, the date and amount of his or their judgment as near as may be, and that the same has not been paid) to issue execution as though the original papers and docket book had not been destroyed; and that the same shall be as good and valid, and have the same *205 force and effect, as other executions issued by justices of tbe peace.” [Shannon’s Code, see. 4800.]
The main objection urged in the case is, that the destruction of the papers and books of the justice is not shown by his own affidavit, but by that of his son, who swears positively to the fact and the death of the father.
The letter of the statute requires the affidavit of destruc-ion of books and papers to be shown by the affidavit of the justice, but the main fact to be established is such destruction.
It was the leading intent of the statute that a speedy and convenient remedy should be provided to meet cases of accidents, such as are provided for.
It certainly was not intended that the remedy should fail because of the death of the justice of the peace. Ve think, therefore, it is fairly within the equity of the statute that where the justice is dead, so that the statute cannot literally be complied with, the nest best, or secondary evidence, may be resorted to, to show the destruction of the papers — that is, affidavit of persons who themselves knew the fact. This we have in this case.
The affidavit proving the fact of the existence of the judgment, its amount, etc., is regular and in strict conf ormity to the statute.
It is claimed that Oassettv is not, strictly, the successor in office of Southgate. He is shown to be a justice of the same district, and -was certainly elected after Southgate’s death. We do not think it necessary that he should strictly trace his genealogy as the immediate successor, which might be impossible in this case, all such officers having been elected since the death of Southgate. He is a magistrate of the same district, elected since his death, and is as much his successor as any other justice could be under the circumstances.
There can be no danger of any great injustice in such cases as this, as the party might show satisfaction of the judgment very easily, if the fact were so, or that it had *206 never been rendered, as defense to-this proceeding, certainly by certiorari and supersedeas, and motion to quash the execution. There is no pretense that this judgment had not been rendered, or that it was paid or in any way satisfied.
On the whole, we think the proceeding good and the sale, should have been ordered. Reverse the case, and enter j ndgment here.